## CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### No. 552

### COLUMBUS (City) v. A. G. GEREN

Court of Appeals, Second District. Franklin County
No. 1086. Decided June 22, 1923

This opinion has not been published except in Abstract.

**PROCEDURE—No leave required to file petition in error from Municipal Court of Columbus in Common Pleas—ORDINANCE—A city ordinance which reaffirms a statute is not thereby unconstitutional if it also contains other matter which is valid under the constitution.**

Middleton, Mauck and Sayre, JJ., Fourth District, Sitting
SAYRE, J.

#### Epitomized Opinion

Defendant in error was convicted in the Municipal Court of Columbus of the violation of a speed ordinance. He filed a petition in error in the Common Pleas without leave. Motion was there made to strike this petition from the files. 4551 GC. provides that no petition in error to review a conviction under a city ordinance shall be filed except upon leave of the court. The motion was overruled. The court held the ordinance under which the defendant was convicted was invalid "for the reason that the subject matter has already been taken cognizance of by the legislature in the enactment of 12603 GC., a law of general nature." Error was then prosecuted to the Court of Appeals which held:

1. The motion to strike was properly overruled. By virtue of 1558-75 GC. no leave in the Common Pleas is necessary to file a petition in error from the Municipal Court of Columbus.

2. The conviction was proper under the first part of the ordinance forbidding unreasonable speed. By Sec. 3, Art. XVIII, Cons., such ordinance is a valid enactment. Whether or not the council had the right to pass the second part of the ordinance which resembles the second paragraph of Sec. 12603, that paragraph of the statute is a rule of evidence in every case brought under that section or under any ordinance containing the same language. See also Greensburg v. Cleveland, 98 OS. 282.

The judgment of the Court of Common Pleas will be reversed and that of the Municipal Court affirmed.

**Attorneys—Charles A. Leach and Baxter Evans, for City; O. E. Davis, for Geren.**

### No. 553

### STATE v. DE BARBOUR

Ohio Appeals, Seventh District, Mahoning County
Decided March 2, 1923

**MILLER LAW—May convict owner for unlawful possession of liquor seized in his residence without search warrant.**

ROBERTS, J.

#### Epitomized Opinion

DeBarbour was found guilty by the Youngstown Municipal Court of the unlawful possession of intoxicating liquor. The Common Pleas reversed the conviction because DeBarbour. previous to the trial, demanded return of the liquor which he claimed was illegally seized without a search warrant in a bonda fide residence. The evidence disclosed that DeBarbour's residence was under suspicion, and complaints had been made as to the character of the occupants. In a trunk the officers found a bottle of liquor which had been brought there since prohibition went into effect. The Court of Appeals in sustaining the conviction and reversing the Common Pleas held:

1. When a residence is under suspicion and in searching it police find liquor which was not there before prohibition, a conviction for unlawful possession of liquor will be sustained under the Miller Law.

**Attorneys—E. G. Cowan, for State; Whiteside and Whiteside, for DeBarbour.**

### No. 554

### JAMES v. CLEVELAND (City)

Ohio Appeals, Eighth District, Cuyahoga County
No. 4466. Decided June 25, 1923

This opinion has not been published except in Abstract

**ORDINANCES—(1) Failure to designate the proper place where an alleged violation was committed—(2) Section 2274 of the Municipal Ordinances of Cleveland invalid.**

VICKERY, P. J.

#### Epitomized Opinion

James, a Cleveland Railway motorman, was accused in the Cleveland Municipal Court for failure to make a report of an accident happening at a grade crossing. It was claimed that the accused had had an accident at a grade crossing upon Warren road. He was found guilty before Judge Corlett. He thereupon prosecuted error to the Court of Appeals, claiming that there were two Warren roads in Cleveland and that no specification was given as to which one was meant and that it turned out at the trial that it was not Warren road at all, but Warner road. The accused claimed that the charge made against him was defective in this respect. and moreover that the Ordinance in question was unconstitutional. In reversing the judgment, the Court of Appeals held:

1. That it was not necessary to charge any particular road in the affidavit or warrant, where operative facts are in existence, which brought the accused within the jurisdiction of the ordinance.

2. That Sec. 2274 of the Revised Municipal Code of Cleveland was invalid in that the ordinance was indefinite as not to inform a party exactly what kind of report was to be made, in that it compelled people who were in no way to blame to make a report, and would tend to compel people to incriminate themselves.

**Attorneys—Squire, Sanders & Dempsey, for James; Lee E. Skeel, for City.**